(110 So. 406)

HOBSON v. MORGAN.   (2 Div. 901.)

(Supreme Court of Alabama.   Nov. 18, 1926.)

1. Wills ⬤⟳166(3)—Illicit relationship does not establish undue influence.

Evidence of illicit relation between testator and beneficiary is not sufficient of itself to warrant conclusion of undue influence, although it may be considered in connection with other evidence thereon.

2. Wills ⬤⟳166(1)—Evidence held not to establish undue influence.

Evidence *held* insufficient to establish charge of undue influence in execution of will.

Appeal from Probate Court, Hale County; D. B. Borden, Judge.

Application by Lula Hobson for the probate of the will of Frank Morgan, deceased, contested by Fannie Morgan. From a decree denying probate, proponent appeals. Reversed and remanded.

Lipscomb & Lipscomb, of Bessemer, and T. J. Lamar, of Birmingham, for appellant.

Undue influence, to vitiate a will, must in some degree destroy the testator's free agency. It is not enough that testator's own misconduct may have brought about a condition which caused him to make a disposition of his property he might not under other circumstances have made. Dunlap v. Robinson, 28 Ala. 100; Pool's Heirs v. Pool's Ex'r, 35 Ala. 12; Taylor v. Kelly, 31 Ala. 59, 68 Am. Dec. 150.

Thos. E. Knight, of Greensboro, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J.   The will of Frank Morgan, deceased, was offered for probate by appellant, one of the legatees therein named, and judgment rendered, upon a trial of the cause before the court without a jury, denying the application, from which petitioner prosecuted this appeal. By this will, which bears date September 5, 1923, testator left all of his property to his mother, Fannie

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Morgan, and Lula Hobson, who was of no relation, in equal share. The mother interposed this contest, and rested her case upon the ground of undue influence exercised upon testator by Lula Hobson.

Frank Morgan had been previously married, but at the time of his death had neither wife nor child. Lula Hobson was a married woman, living with her husband and three children.

[1] The trial court reached the conclusion that petitioner, appellant here, was the paramour of said Frank Morgan, and denied the probate of the will upon that ground. We are of the opinion a detailed discussion of the evidence would serve no useful purpose. Lula Hobson was a teacher in the public schools, and her good reputation in that community is established without conflict or question. That the proof suffices to show an improper interest in one another of these two persons, reprehensible and not to be condoned, is clear, yet, upon a careful consideration of the evidence in consultation, we find ourselves unwilling to hold that this mutual regard had extended to the stage of criminality. But, were the proof sufficient to establish an unlawful relationship, this alone would not warrant a conclusion of undue influence.

"There appears to be a general concurrence in the authorities that an illicit relation is not' sufficient per se to warrant a conclusion of undue influence, and that no presumption of undue influence arises merely from the fact that a man, who is of sound mind, makes a will in favor of his mistress, or of one with whom his relations have been meretricious." 28 R. C. L. p. 148.

Of course the fact of such illicit relationship is to be considered in connection with any evidence tending to establish undue influence, but is not alone and of itself sufficient evidence thereof. 28 R. C. L. supra; Saxton v. Krumm, 107 Md. 393, 68 A. 1056, 17 L. R. A. (N. S.) 477, 126 Am. St. Rep. 393. This is the accepted rule in this state. Dunlap v. Robinson, 28 Ala. 100; Pool's Heirs v. Pool's Ex'r, 35 Ala. 12; Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528. Speaking to this question, this court, in Dunlap v. Robinson, supra, said:

"Undue influence, as that term is understood in this connection must be such as, in some measure, destroys the free agency of the testator, and prevents the exercise of that discretion which the law requires a party should possess as essential to a valid testamentary disposition of his property. It is not enough that by the testator's own improper conduct he has brought about a condition of things, over which, at the time of making his will, he had no control to change or remedy, but which, as a moral inducement, operated upon his mind, influencing him to make a disposition of his property which, under other circumstances, he might not have made."

That authority recognizes the principle that, if the will is made in consideration of promise of future illicit cohabitation, it would be void, but no such question is here presented.

[2] It is established by the uncontroverted proof that testator was of sound mind at the time of the execution of this will. The due execution of the will is proven without question. Appellant was not present, and is not shown to have had any part whatever in its execution, or that any matter of business was ever mentioned between them. It was written by testator's attorney who had represented him for a number of years. On two occasions before its preparation and execution, testator had discussed with his attorney the manner in which he wanted his will drawn, and counsel had on each occasion, to use his language as a witness, "tried to dissuade him from leaving anything to any one except his mother, and on the last occasion, which was the third time, he was very positive about the matter, and said to me that he was going to make the will, that it was his property, and that he had a right to will it as he wanted to, and, if I would not prepare the will for him, he would get another attorney to do so."

As previously stated, there is no evidence whatever tending to show any undue influence over testator by Lula Hobson, and no activity on her part as to its execution.

In Shipman v. Furniss, supra, where wills and deeds are distinguished in relation to the question of undue influence, the court said:

"And it may be further admitted that, in the case of benefits received under wills, the bare proof of an unlawful cohabitation between the testator and a devisee would not alone ordinarily raise a presumption of undue influence, sufficient to avoid the will."

It could scarcely be contended that further than this was attempted to be established in the instant case. In any view of the case, therefore, the conclusion is here reached that evidence fails to establish the charge of undue influence, and that the will should have been admitted to probate. The judgment of the court below will be reversed, and the cause remanded, with direction that judgment be entered in the probate court of Hale county, admitting said will to probate in accordance with the views herein expressed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.